IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA HOLT, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PAYTIME HARRISBURG, INC. | : | NO. 2:14-cv-03964 |
| | : | |

O R D E R

AND NOW, this 26th day of September 2014, upon consideration of Defendant Paytime Harrisburg, Inc.'s Motion to Transfer Venue, Plaintiffs' Memorandum in Opposition, and Defendant's Brief in Reply thereto, it is ORDERED that Defendant's motion is GRANTED. The Clerk of the Court is instructed to transfer this matter to the docket for the United States District Court for the Middle District of Pennsylvania as a related case to Daniel B. Storm, et al., v. Paytime, Inc., United States District Court for the Middle District of Pennsylvania, Civil Action No. 14-cv-01138.

DISCUSSION

This case arises out of a security breach of Defendant Paytime's online payroll database. (See Doc. No. 1 ("Compl.")). Paytime is a payroll provider delivering various human resources and payroll services. (Compl. ¶ 1) Plaintiffs Barbara Holt and Linda Redding are two individuals with personal information stored in Paytime's systems as former employees of a Paytime client. (Id. ¶¶ 9–10.) On May 12, 2014, Paytime notified clients that an online intruder had accessed the personally identifiable information ("PII") of clients' employees on April 7, 2014. (Id. ¶ 3.) Paytime stated that it became aware of the breach on April 30, 2013. (Id.) On May 20, 2014, Paytime confirmed that employees' PII "was actually accessed" in the security breach. (Id. ¶ 4.)

The Complaint alleges that Paytime "grossly failed to comply with security standards and allowed its clients' financial and identifying information to be compromised," (id. ¶ 6), that the security failures caused "serious and ongoing risk" to employees' PII, (id. ¶ 5), and that Paytime did not adequately notify affected clients and employees of the breach. (Id. ¶ 7.)

Plaintiffs filed this putative class action on June 27, 2014, on behalf of themselves and a class comprising all eligible persons with PII stored in the Paytime database at the time of breach. (Compl. ¶¶ 41–51.) Plaintiffs state claims for Breach of Express and Implied Contract (Count I) and Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count II).

Defendant Paytime moved to transfer venue to the United States District Court for the Middle District of Pennsylvania as a related case to Daniel B. Storm, et al., v. Paytime, Inc., United States District Court for the Middle District of Pennsylvania, Civil Action No. 14-cv-01138. (Doc. No. 6 ("Def.'s Mot. to Transfer Venue.")) The Storm Complaint also states a putative class action arising from the April 7, 2014 data breach of Paytime's systems. See generally Daniel B. Storm, et al., v. Paytime, Inc., United States District Court for the Middle District of Pennsylvania, Civil Action No. 14-cv-01138; Def.'s Mot. to Transfer Venue, Ex. D ("Storm Complaint").  Plaintiffs oppose transfer. (Doc. No. 13 ("Pls.' Mem. in Opp'n to Def. Paytime's Mot. to Transfer Venue."))

Under 28 U.S.C. § 1404(a), a court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice" to any district where the action could have been brought or by the parties' consent. "The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer." Shutte v. Armco Steel Corp., 431

F.2d 22, 25 (3d Cir. 1970). The Third Circuit has described various factors that courts consider relevant to the determination of transfer:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879–80 (3d Cir. 1995). Evaluating a motion to transfer venue under § 1404 requires determining on an "individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Id. at 883.

As a threshold matter, we find that this action could have been brought in the Middle District of Pennsylvania, as the jurisdiction in which Defendant resides and where Defendant engaged in substantial activity giving rise to this litigation. 28 U.S.C. § 1391(a). The parties do not dispute that jurisdiction would be proper in either district.

Transfer is appropriate in light of the pending lawsuit in the Middle District of Pennsylvania. The touchstone of the transfer analysis under § 1404 is judicial efficiency, as reflected in the convenience and fairness of litigation. In the interest of such efficiency, "the pendency of a related case in the proposed transferee forum is a powerful reason to grant a motion for a change of venue." Supco Auto. Parts, Inc. v. Triangle Auto Spring Co., 538 F. Supp. 1187, 1192 (E.D. Pa. 1982). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Cont'l Grain Co. v. The

3

FBL-585, 364 U.S. 19, 26 (1960). Transfer eliminates the inconvenience of simultaneously litigating the same issues in multiple courts, avoids inconsistent results, and preserves judicial resources. The burden on witnesses is eased, as the transferee court may consolidate actions or coordinate discovery. Production of records and other evidence is streamlined. The cost to judicial resources is minimized by concentrating efforts in one court. Although both cases are nascent at this time, the prior-filed case takes priority.[1] Transfer is necessary to avoid waste from duplicative litigation arising from the Paytime security breach, regardless of the geographic proximity of the fora or fact that witnesses and evidence are available in both places. See Jumara, 55 F.3d at 882 (noting that "[t]he fact that the two fora are adjacent districts of the same state also obscures the interest-of-justice analysis").

Plaintiffs argue that the differences between this case and the pending case in the Middle District of Pennsylvania should prevent transfer. (See Pls.' Mem. in Opp'n to Def. Paytime's Mot. to Transfer Venue, 3–4.) Plaintiffs note that each case asserts a claim unique from the other: Plaintiffs allege a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, while the Storm Complaint alleges negligence. (Id. at 4.) But these actions arise out of the same facts, against the same defendant, with essentially the same putative class. In other words, although the claims differ somewhat, "the substance of what ha[s] to be done to adjudicate the rights of the parties [i]s not different at all." Cont'l Grain Co., 364 U.S. at 26.

---

[1] Defendant Paytime does not separately argue that this Court should transfer or stay this action because of the first-filed rule, although Defendant notes that the Storm Complaint was initiated ten days before the instant matter. (Def.'s Mot. to Transfer Venue, 3.) "The first-filed rule requires, absent extraordinary circumstances, that cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction be decided by the court where the litigation was first filed." Synthes, Inc. v. Knapp, 978 F. Supp. 2d 450, 455 (E.D. Pa. 2013) (citing E.E.O.C. v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir.1988)). That the Storm Complaint was filed in the Middle District of Pennsylvania before Plaintiffs filed in this Court independently justifies transfer.

Courts frequently transfer cases with related, but not identical claims, in the interest of judicial efficiency. See, e.g., Schlenker v. Immucor, Inc., 2009 WL 5033972 (E.D. Pa. Dec. 22, 2009); In re Amendt, 169 F. App'x 93, 96 (3d Cir. 2006); CIBC World Markets, Inc. v. Deutsche Bank Sec., Inc., 309 F. Supp. 2d 637, 651-52 (D.N.J. 2004); Cont'l Grain Co., 364 U.S. at 26. Plaintiffs' claims and the Storm Complaint are substantially similar and should be evaluated by the same court.

      The primary factor against transfer is that Plaintiffs selected and prefer this forum. Although "plaintiff's choice of venue should not be lightly disturbed," Jumara, 55 F.3d at 879, Plaintiffs' preference is not entitled much deference under the circumstances of this case. First, plaintiff's choice of forum is entitled to less deference when "few of the operative facts underlying plaintiff's claims" take place in that forum. Headon v. Colorado Boys Ranch, 2005 WL 1126962 *4–5 (E.D. Pa. May 5, 2005) (Davis, J.). In this case, most of the operative facts of Plaintiffs' claims took place in the Middle District of Pennsylvania, where Paytime's Client Service Center servers and records are located. (Def.'s Mot. to Transfer Venue, 6–7; Def.'s Mot. to Transfer Venue, App. C (Nguyen Aff.) ¶¶ 2–3.) Plaintiffs respond that the online nature of the breach minimizes the importance of Paytime's physical location, but the absence of operative facts in Plaintiffs' chosen forum still mitigates the deference afforded to their choice.

      Second, the posture of Plaintiffs' claim as representing a putative nationwide class undercuts the weight given to Plaintiffs' forum preference. The law defers to plaintiff's choice of forum as a normative judgment in favor of the party alleging injury. See Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947) (discussing the "presumed advantages" of plaintiff's home forum). Where class members are broadly dispersed, the named plaintiffs' choice is less important. The named plaintiffs may be modestly inconvenienced by a transfer of

5

venue, but the overall impact to the class is minimal. See In re Amkor Tech., Inc. Sec. Litig., 2006 WL 3857488 (E.D. Pa. Dec. 28, 2006) ("It would be an entirely different matter if this were a class action involving multiple plaintiffs all residing in the Eastern District, in which case, plaintiffs' choice of venue would be entitled to very great weight."); see also Umbriac v. Am. Snacks, Inc., 388 F. Supp. 265, 271 (E.D. Pa. 1975) (giving "considerably less weight to plaintiffs' choice of forum" in a class action), Koster, 330 U.S. at 524–25 (similar). The efficiencies of transferring this case to the court where the related putative class action is pending justify the minimal inconvenience to the Plaintiffs.

For the reasons stated above, Defendant's Motion to Transfer Venue is GRANTED.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.